UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| United States of America<br><br>v.<br><br>Oluwaseun Olubukola Ogunbambo,<br>   a/k/a "Sean O'Bambo-Benson,"<br>   a/k/a "Sean Roberto Zacchaeus,"<br>   a/k/a "Darron Roberto-Zacchaeus,"<br><br>               *Defendant.* | **Protective Order**<br><br>**19 Cr. 895 (AKH)**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/10/2020 |

Upon the application of the United States of America, and the defendant Oluwaseun Olubukola Ogunbambo, having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Sensitive Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. The Government's disclosure material may include, as detailed below, material that affects the privacy of individuals, such as documents containing personal identification information of others. To the extent such disclosure material includes material that affects the privacy of individuals, including by containing personal identification information of other individuals, it shall be deemed "Sensitive Disclosure Material," and will be labeled as such in the index produced by the Government with the discovery materials.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the Sensitive Disclosure Material without the need for redaction of personal identification information contained in the Sensitive Disclosure Material. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. **Sensitive Disclosure Material** shall not be disclosed by defense counsel, including any successor counsel ("Defense Counsel"), or the defendant, other than as set forth herein, and shall be used solely for purposes of defending this action:

    a. Defense Counsel and the defendant shall not post any Sensitive Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Disclosure Material to the media or any third party except as set forth below.

    b. Sensitive Disclosure Material may be disclosed by Defense Counsel or the defendant to the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

    (ii) independent expert witnesses, investigators or advisors retained by the defendant's attorney in connection with this action;

      (iii)   such other persons as hereafter may be authorized by the Court upon such motion by the defendant.

c. The defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose Sensitive Disclosure Material pursuant to paragraphs 4(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

d. The Government may authorize, in writing, disclosure of Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

e. At any time, Defense Counsel may seek leave from the Government to share materials designated as Sensitive Disclosure Material with individuals other than the defendant and Designated Persons ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with individuals other than the defendant and Designated Persons; (ii) provide Defense Counsel with a redacted version of the Requested Material that can be shared with individuals other than the defendant and Designated Persons; or (iii) provide Defense Counsel with an explanation as to why the Requested Material cannot be shared with individuals other than the defendant and Designated Persons, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The

Government will make all practicable efforts to oblige Defense Counsel's requests to share Requested Material.

5. Except for any of the above-mentioned Sensitive Disclosure Material that has been made part of the record of this case, Defense Counsel and the defendant shall return to the Government or securely destroy or delete all Sensitive Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

6. This Order does not prevent the disclosure of any of the above-mentioned Sensitive Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, any Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

7. There is no restriction imposed by this Order on the use of disclosure material that is not Sensitive Disclosure Material.

SO ORDERED:

Dated: New York, New York
      January 10, 2020

_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE